MAYALL HURLEY
A Professional Corporation
2453 Grand Canal Boulevard
Stockton, California 95207
Telephone (209) 477-3833
Facsimile (209) 473-4818
NICHOLAS SCARDIGLI
CA State Bar No. 249947

Attorneys for Plaintiff CHRISTINE M. SCHAMBER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE M. SCHAMBER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>O'REILLY AUTOMOTIVE STORES, INC.; O'REILLY AUTO ENTERPRISES, LLC, and DOES 1-100, inclusive,<br><br>　　　　Defendants. | Case No.: 2:15-CV-00169-JAM-CKD<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR**<br><br>1. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**<br>2. **FAILURE TO MAINTAIN ACCURATE WAGE STATEMENTS**<br>3. **VIOLATION OF LABOR CODE § 226(b)**<br>4. **VIOLATION OF LABOR CODE § 1198.5(b)**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff Christine M. Schamber ("Schamber") brings this action against O'Reilly Automotive Stores, Inc., ("O'Reilly Automotive"); O'Reilly Auto Enterprises, LLC, ("O'Reilly Enterprises") and Does 1-100, inclusive, for damages, injunctive relief, penalties, costs, and attorneys' fees resulting from the defendants' unlawful and tortious conduct, and as ground therefore alleges:

/ / /

/ / /

/ / /

/ / /

## PARTIES

1. Schamber is and/or was at all times relevant herein an individual; a resident of San Joaquin County, California; and employed in San Joaquin County, California.

2. O'Reilly Automotive is and was at all times relevant herein a Missouri corporation qualified to do business in California.

3. O'Reilly Enterprises is and was at all times relevant herein a Delaware limited liability corporation qualified to do business in California.

4. O'Reilly Automotive, O'Reilly Enterprises, and Does 1-100 are collectively referred to as "Defendants."

5. Schamber is not aware of the true names and capacities of the defendants sued herein as Does 1-100, whether individual, corporate, associate, or otherwise, and therefore sues such defendants by these fictitious names. Schamber will amend this complaint to allege their true names and capacities when ascertained. Schamber is informed and believe, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Schamber's injuries and damages herein alleged were legally caused by such defendants. Unless otherwise indicated, each defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendant.

## JURISDICTION AND VENUE

6. The unlawful acts alleged herein took place in San Joaquin County and Schamber's employment with Defendants was within San Joaquin County. Plaintiff filed her initial complaint in this matter in San Joaquin County Superior Court. Defendant subsequently removed Plaintiff to this instant Court. Plaintiff challenges this removal and has a motion for remand pending before this Court.

## JURY TRIAL DEMAND

7. Schamber hereby demands a jury trial.

/ / /

/ / /

## GENERAL ALLEGATIONS

8. O'Reilly Automotive and O'Reilly Enterprises, as joint employers, hired Schamber at a "Delivery Specialist" at one of their Tracy locations on April 11, 2014. Both O'Reilly Automotive and O'Reilly Enterprises compensated Plaintiff for worked she performed while employed in this position.

9. Throughout Schamber's employment, O'Reilly Automotive and O'Reilly Enterprises failed to provide accurate itemized wage statements to Schamber and current and other former California employees.

10. O'Reilly Automotive and O'Reilly Enterprises has failed to maintain a copy of accurate itemized wage statements of Schamber and current and other former California employees insofar as the copy does not show (1) gross wages earned, (2) total hours worked, (3) all deductions, (4) net wages earned, (5) the inclusive dates of the period for which the employee is paid, (6) the name and address of the legal entity that is the employer, and (7) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

11. O'Reilly Automotive and O'Reilly Enterprises terminated Schamber on July 23, 2014.

12. On August 7, 2014, and September 18, 2014, Schamber served O'Reilly Automotive and O'Reilly Enterprises a request via certified mail for his personnel records pursuant to Labor Code §§ 226, 432, and 1198.5.

13. In response to Schamber's request, O'Reilly Automotive and O'Reilly Enterprises demanded payment of $38.50 for the production of the requested documents consisting of 34 pages of black and white copies of personnel records, more than the actual cost of reproduction.

14. The list of misconduct by Defendants in the above allegations is a partial list only, and by way of example.

///

///

///

## PRIVATE ATTORNEY GENERAL ACT ALLEGATIONS

15. The Private Attorney General Act ("PAGA"), as set forth at Labor Code § 2698 *et seq.*, is and at all times relevant herein was applicable to Schamber's employment with O'Reilly Automotive and O'Reilly Enterprises.

16. Pursuant to Labor Code § 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code § 2699.3.

17. Schamber was employed by O'Reilly Automotive and O'Reilly Enterprises and the alleged violations were committed against her during her time of employment. Schamber is therefore an aggrieved employee as defined by Labor Code § 2699(c). Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with O'Reilly Automotive and O'Reilly Enterprises.

18. Pursuant to Labor Code § 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the Labor Code or, where no civil penalty is specifically provided, one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

19. Pursuant to § Labor Code § 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

20. Pursuant to Labor Code § 2699.3, an aggrieved employee may pursue a civil action arising under the PAGA after the following requirements have been met:

    a. The aggrieved employee shall give written notice by certified mail to the LWDA and the employer (hereinafter "Employee's Notice") of the specific provisions of

the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

   b. The LWDA shall provide notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA's Notice, or if the LWDA does not provide notice within 33 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

  21. On October 17, 2014, Schamber provided written notice by certified mail to the LWDA and O'Reilly Automotive of O'Reilly Automotive's failure to provide and maintain a copy of accurate itemized wage statements, including the facts and theories to support the alleged violations. As of the date of this filing, the LWDA has not provided written notice that it intends to investigate these allegations. Accordingly, Schamber satisfied the administrative prerequisites under Labor Code § 2699.3 to bring a civil action to recover penalties against O'Reilly Automotive, in addition to other remedies, for violations of Labor Code § 226.

  22. On January 7, 2015, Schamber provided written notice by certified mail to the LWDA and O'Reilly Enterprises of O'Reilly Enterprises' failure to provide and maintain a copy of accurate itemized wage statements, including the facts and theories to support the alleged violations. As of the date of this filing, the LWDA has not provided written notice that it intends to investigate these allegations. Accordingly, Schamber satisfied the administrative prerequisites under Labor Code § 2699.3 to bring a civil action to recover penalties against O'Reilly Enterprises, in addition to other remedies, for violations of Labor Code § 226.

///
///
///
///
///

## FIRST CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 226
### (Failure to Furnish Accurate Wage Statements)
### Against Defendants

23. Schamber hereby realleges and incorporates by reference Paragraphs 1 through 22 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

24. Pursuant to Labor Code § 226(a), every employer shall furnish each of his or her employees an accurate itemized statement in writing.

25. Defendants intentionally and willfully failed to furnish accurate itemized wage statements to Schamber and current and other former employees in violation of Labor Code § 226(a).

26. As a result of Defendants' conduct, Schamber has suffered damages.

27. Wherefore, Schamber seeks damages as set forth below.

## SECOND CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 226
### (Failure to Maintain Accurate Wage Statements)
### Against Defendants

28. Schamber hereby realleges and incorporates by reference Paragraphs 1 through 27 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

29. Pursuant to Labor Code § 226(a), every employer shall maintain for each of his or her employees a copy of an accurate itemized statement in writing.

30. Defendants intentionally and willfully failed to maintain a copy of accurate itemized wage statements of Schamber and current and other former employees in violation of Labor Code § 226(a).

31. As a result of Defendants' conduct, Schamber has suffered damages.

32. Wherefore, Schamber seeks damages as set forth below.

/ / /

/ / /

## THIRD CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 226(b)
### Against Defendants

33. Schamber hereby realleges and incorporates by reference Paragraphs 1 through 32 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

34. If an employer provides an employee copies of records requested pursuant to Labor Code § 226, only "the actual cost of reproduction may be charged to the current or former employee." Labor Code § 226(c).

35. As set forth above, Defendants required payment of a $38.50 for 34 pages of black and white copies of personnel records, more than the actual cost of reproduction, for records Schamber requested pursuant to Labor Code § 226.

36. Wherefore, Schamber seeks damages as set forth below.

## FOURTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 1198.5
### Against Defendants

37. Schamber hereby realleges and incorporates by reference Paragraphs 1 through 36 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

38. If an employer provides an employee copies of records requested pursuant to Labor Code § 1198.5, the employer may charge an amount "not to exceed the actual cost of reproduction." Labor Code § 1198.5(b)(1).

39. As set forth above, Defendants required payment of a $38.50 for 34 pages of black and white copies of personnel records, more than the actual cost of reproduction, for records Schamber requested pursuant to Labor Code § 1198.5.

40. Wherefore, Schamber seeks damages as set forth below.

///

///

///

///

# PRAYER FOR RELIEF

41. WHEREFORE, Schamber prays judgment as follows.

**As to the First and Second Causes of Action:**

1. For compensatory damages;
2. For statutory attorneys' fees and costs, including those available under Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and 2699(g);
3. For civil and statutory penalties, including but not limited to those available under Labor Code §§ 226, 226.3, and 2699(f), on Schamber's behalf and on behalf of current and other former employee of O'Reilly;
4. For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code §§ 3287(a) and 3289(b), Labor Code §§ 218.6 and 1194; and
5. For such other and further relief as the court deems just and proper.

**As to the Third Cause of Action:**

1. For injunctive relief pursuant to Labor Code § 226(h)
2. For a civil penalty in the amount of $750 pursuant Labor Code § 226(f); and
3. For attorneys' fees and costs pursuant to Labor Code § 226(h).

**As to the Fourth Cause of Action:**

1. For injunctive relief pursuant to Labor Code § 1198.5(l);
2. For a civil penalty in the amount of $750 pursuant Labor Code § 1198.5(k); and
3. For attorneys' fees and costs pursuant to Labor Code § 1198.5(l).

DATED: May 4, 2015                    **MAYALL HURLEY P.C.**

By _____
NICHOLAS SCARDIGLI
Attorneys for Plaintiff
CHRISTINE M. SCHAMBER